UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENG-WEN CHENG, <br><br> Petitioner, <br><br> -against- <br><br> OFFICER WILSON; OFFICERS JOHN DOES 1-5 (Names to be determined), sued in their individual capacities, <br><br> Respondents. | 1:22-CV-10706 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Sheng-Wen Cheng, who is presently incarcerated in the Federal Correctional Institution in Sandstone, Minnesota, brings this *pro se* action in which he styles his complaint as a "petition for deposition to perpetuate testimony" under Rule 27(a) of the Federal Rules of Civil Procedure. Cheng asserts that he is a resident of New York, New York, and that "Respondents are adult resident citizens of" Joint Base McGuire-Dix-Lakehurst, New Jersey ("Fort Dix"). (ECF 2, at 1.) Cheng filed this action in an attempt to perpetuate the testimonies of other prisoners currently incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), as well as the testimonies of correction officers who appear to be employed at that prison. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

    this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also* Fed. R. Civ. P. 27(a) ("A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the *district court for the district where any expected adverse party resides*.") (emphasis added). Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

  Cheng alleges that the opposing parties reside in Fort Dix, New Jersey, and that the witnesses whose testimonies he wishes to perpetuate are located at FCI Fort Dix. (ECF 2, at 1-2.) Cheng also alleges that the events that are the bases for his claims – the April 25, 2022, stabbing of Cheng by another prisoner; the failure of prison officials to protect Cheng; and prison officials' delay in providing Cheng with medical treatment after he had been stabbed – all occurred at FCI Fort Dix. Fort Dix and FCI Fort Dix are located within New Jersey, and the entire State of New Jersey constitutes one judicial district. *See* 28 U.S.C. § 110. Because Cheng does not allege any facts showing that this court is a proper venue for this action, from the face of the complaint, it is clear that venue is not proper in this court.

  Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Cheng alleges that: (1) the opposing parties reside in New Jersey; (2) the relevant witnesses are located in New Jersey; and (3) the events giving rise to his claims occurred in New Jersey, the proper venue for this action is the United States District Court for the District of New Jersey. *See* § 1391(b); Fed. R. Civ. P. 27(a).

Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Cheng should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 11, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge