# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SHENG-WEN CHENG,

    Petitioner,

v.

OFFICER WILSON, et al.,

    Respondents.

Civil Action No.
23-345 (CPO) (SAK)

**OPINION AND ORDER**

**O'HEARN, District Judge.**

Before the Court is Petitioner's motion for reconsideration, seeking reconsideration of the Court's March 23, 2023, Order. (ECF No. 9.) In that Order, the Court terminated this matter because a "Petition for Deposition to Perpetuate Testimony" is not a valid pleading type and cannot independently institute a case, and because the Court is unaware of any authority that would allow Petitioner to engage in this type of discovery without a valid pleading. (ECF No. 7, at 1.)

In his motion, Petitioner argues that "Federal Rule of Civil Procedure 27(a) allows [him] to have a deposition to perpetuate testimony 'before an action is filed.'" (ECF 9, at 1.) Based on the allegations in his Petition, the Court disagrees. Rule 27(a) provides:

> (a) Before an Action Is Filed.
>
> > (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
> >
> > > (A) that the petitioner *expects to be a party to an action cognizable in a United States court* but cannot presently bring it or cause it to be brought;

> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a) (emphasis added). The Petition fails to meet these requirements because it states that "no actions in this Court [are] currently anticipated." (ECF No. 2, at 2.) Stated differently, Petitioner does not currently anticipate bringing an action in this Court. (*Id*.) As a result, Petitioner cannot engage in this type of discovery because he has failed to demonstrate that he "expects to be a party to an action cognizable in a United States court."[1] Fed. R. Civ. P. 27(a)(1)(A). Consequently, the Court will deny Petitioner's motion for reconsideration and alternatively deny the Petition on the merits, without prejudice. If, in the future, Petitioner anticipates bringing an action in this Court, he may file an amended petition, which addresses the elements above. Accordingly,

IT IS, on this 13th day of April 2023,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submission; and it is further

**ORDERED** that Petitioner's motion for reconsideration is DENIED; alternatively, the Petition to Perpetuate Deposition Testimony, (ECF No. 2), is DENIED WITHOUT PREJUDICE,

---

[1] Petitioner explains that he is aware that he cannot bring an action in this Court in good faith, because he has not yet exhausted his administrative remedies. Failure to exhaust his administrative remedies would result in the dismissal of his claims. 42 U.S.C. § 1997e. Consequently, Petitioner could theoretically satisfy the latter half of Rule 27(a)(1)(A), as he "cannot presently" file an action.

on the merits; if Petitioner's circumstances change, he may file an amended petition as discussed above; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail and once again ADMINISTRATIVELY TERMINATE this case.

<u>/s/ Christine P. O'Hearn</u>
**Christine P. O'Hearn**
**United States District Judge**